■ ROBERT GOELET, Respondent, v LYNN MERRICK, Also Known as LYNN GOELET, Also Known as LYNN MANNO, Appellant, et al., Defendant. — Order and judgment (one paper), Supreme Court, New York County (Norman Ryp, J.), entered on March 25, 1983, unanimously affirmed for the reasons stated by N. Ryp, J., at Special Term, without costs and without disbursements. Concur — Murphy, P. J., Sandler, Fein, Milonas and Kassal, JJ.

■ SAFECO INSURANCE COMPANY OF AMERICA, as Subrogee of COLEMAN COOPER, and Others, Appellant, v GABBAYAN AHDOUT CORP., Respondent and Third-Party Plaintiff, et al., Defendant, et al., Third-Party Defendants. — Order of the Supreme Court, New York County (Ascione, J.) entered on December 1, 1982, which denied plaintiff's motion to dismiss defendant Gabbayan Ahdout Corp.'s (GAC) first, second and third affirmative defenses, is unanimously affirmed, without costs. Order of the Supreme Court, New York County (D. Edwards, J.) entered on March 28, 1983, which, inter alia, granted defendant's motion to compel answers to interrogatories, is unanimously affirmed, with costs. Order of the Supreme Court, New York County (D. Edwards, J.) entered on July 1, 1983, which granted GAC's motion to preclude plaintiff from offering evidence in opposition to defendant's third affirmative defense, and directed that plaintiff's attorneys pay $250 in costs, is unanimously reversed, on the law and the facts, with costs and disbursements payable to defendant GAC to the extent of denying the motion on the condition that plaintiff answer defendant's interrogatories within 30 days of the publication of this order, and on the further condition that plaintiff pay motion costs of $750 to defendant GAC. Upon plaintiff's failure to comply with both conditions, the order is affirmed, with costs. Plaintiff Safeco Insurance Co. paid over $105,000 to its insured, Palm Beach Oriental Rug Gallery, in connection with the theft of 34 oriental rugs. The rug gallery then assigned its claim to Safeco. The rugs were located in the possession of defendant GAC, a seemingly bona fide purchaser, in New York. Those rugs that had not been sold are currently in the possession of the New York City Police Department, which is also named as a defendant. The present controversy primarily involves interrogatories served by defendant with respect to defendant's third affirmative defense. That defense asserts that plaintiff Safeco is a foreign corporation actually doing business in the State of New York without being qualified or paying the necessary taxes and fees, and thus barred under subdivision (a) of section 1312 of the Business Corporation Law from maintaining this action. Plaintiff Safeco contends first that it is not doing business in New York but merely winding up its activities in the State, having previously successfully litigated its right to cease doing business in this State. (See People ex rel. Lewis v Safeco Ins. Co., 98 Misc 2d 856.) The challenged interrogatories are particularly relevant in this respect to determine the extent of Safeco's business activities in this State and whether it has standing to sue. Safeco's second contention is that it need not qualify to maintain this action in its own right because, as subrogee, it stands in the shoes of its subrogor. This argument is unmeritorious in light of the fact that Safeco is both an assignee and a subrogee, and, accordingly, the real party in interest. Concur — Murphy, P. J., Kupferman, Bloom and Alexander, JJ.